UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES THIEL,

    Plaintiff,                                           Case No. 05-60161

v.                                                      Honorable John Corbett O'Meara

THE LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____/

## OPINION AND ORDER

This matter came before the court on defendant Life Insurance Company of North America's ("LINA") April 7, 2006 motion for judgment on the record and plaintiff Charles Thiel's April 8, 2006 motion for judgment on the record. Response briefs and reply briefs were filed; and oral argument was heard June 29, 2006, at which time the court granted the Avaya defendants' motion for judgment on the record. The court took this matter under advisement. On August 7, 2006, the court requested defendant LINA to prepare proposed findings of fact and conclusions of law. Plaintiff immediately filed a motion to disqualify the court; however, the motion was denied and the court granted Plaintiff permission to file objections to LINA's proposed findings. Plaintiff filed his objections August 26, 2006.

## FINDINGS OF FACT

1. Defendant LINA issued an Accident-Only Business Travel Policy to Avaya, Inc.

2. On March 24, 2003, plaintiff Charles Thiel filed a claim for accident-only disability benefits under the policy.

3. In support of his claim, Plaintiff included a signed Statement of Claim, in which he claimed that his disability was due to an accident that occurred August 6, 2002, and that the onset of disability was August 7, 2002.

4. Plaintiff also submitted his application for a hearing before the Workers' Compensation Bureau, including an EMG report dated August 28, 2002, which concluded: "This is an abnormal EMG demonstrating some chronic features of low grade S1 radiculopathy and more subacute, but still low grade. Right sided L4-L5 radiculopathic features, and clinical correlation is advised." Administrative Record ("AR") at 00892.

5. In further support of his claim, Plaintiff submitted, among other things, the December 16, 2002 letter from Dr. Sidhu, in which the doctor stated that he had "seen Mr. Thiel for a long time for his lower back problems." AR00900. Dr. Sidhu concluded that because of his symptomology and his previous surgery, Plaintiff was unable to work.

6. Plaintiff went on Short Term Disability leave August 19, 2002, which ended December 16, 2002, because his physical condition had improved to the point that it no longer met the definition of disability per the disability case manager. AR00862. Plaintiff left his job on or about December 26, 2002.

7. On July 1, 2003, LINA sent a denial of benefits letter explaining that Plaintiff did not satisfy the terms and conditions to be eligible for Permanent Total Disability benefits. LINA explained that according to the policy, an insured must become totally disabled "as a direct result, and from no other cause, within 365 days after the accident," among other things. AR00806-09.

8. Plaintiff appealed the decision August 28, 2003. AR00743-45. He provided additional documentation March 19, 2004. AR00494-688. Plaintiff argued that the evidence showed a "change in the underlying pathology since the traumatic event of August 6, 2002." AR00494.

9. LINA referred this matter for evaluation on March 30, 2004. In a report dated May 11, 2004, Dr. V. Benjamin Nakkache, a board certified neurosurgeon, concluded, "[Mr. Thiel's] clinical tests and recommendations by different physicians only partially support Mr. Thiel's injury from the accident in 2002. I feel at the very most he suffered an aggravation of a pre-existing condition and as such, no more than 40% disability can be afforded as a result of the injury on August 6, 2002." AR00056-57.

10. Plaintiff's claim was denied on appeal May 20, 2004. AR00047-48.

11. There is substantial evidence that Plaintiff's disability was not solely caused by his accident. The evidence in the record establishes that Plaintiff suffered from severe degenerative disc disease and that the accident may have worsened his symptoms.

12. None of Plaintiff's treating physicians has opined that the accident was the sole cause of Plaintiff's disability.

13. LINA's conclusion that Plaintiff's disability was caused at least in part by his pre-existing, degenerative disc disease was reasonable and based on the evidence in the record.

## CONCLUSIONS OF LAW

1. The Employee Retirement Income Security Act ("ERISA") governs Plaintiff's claims. The court is limited to the evidence that was included in the record on which the administrator based its decision. Wulf v. Quantum Chem. Corp., 26 F.3d 1368, 1376 (6th Cir. 1994).

2. A denial of benefits challenged by an employee under an ERISA plan must be reviewed *de novo* unless the benefit plan gives the administrator or fiduciary the discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Firestone Tire & Rubber Co. V. Bruch, 489 U.S. 101, 111 (1989). However, where the plan clearly confers discretion on the administrator to determine eligibility or construe the plan's provisions, the determination is reviewed under the "arbitrary and capricious" standard. Hunter v. Caliber Sys., Inc., 220 F.3d 702, 710 (6th Cir. 2000).

3. In this case the plan documents unambiguously grant discretion to the plan administrator, who has delegated such discretion to LINA, the claims administrator. Thus, the arbitrary and capricious standard of review is applicable to Plaintiff's claims because LINA has the requisite discretionary authority. Even if the court were to review Plaintiff's claim for denial of benefits *de novo*, the court's decision would remain unchanged in this case.

4. The arbitrary and capricious standard of review is the least demanding form of judicial review of administrative action. A decision is not arbitrary and capricious when there is a reasoned explanation for a particular outcome based on the evidence. Id.

5. Based on the policy and plan provisions, the plaintiff bears the burden of establishing that he or she became totally disabled as a direct result of a qualifying accident and from no other cause. Calvert v. Firstar Finance, Inc., 409 F.3d 286, 289 (6th Cir. 2005).

6. The court concludes that, based on the evidence in the record, plaintiff Thiel has failed to meet his burden to establish that he was disabled solely as a result of the accident and from no other cause, including his pre-existing, degenerative disc disease for which he was receiving treatment until the time of the accident.

7. Based on the policy and plan provisions, the defendant bears the burden of proving that the exclusion for disability caused by "illness, disease or bodily infirmity" bars the plaintiff's claim. McCartha v. National City Corp., 419 F.3d 437 (6th Cir. 2005).

8. The court concludes that LINA has satisfied its burden of establishing that plaintiff Thiel's disability was caused, at least in part, by his pre-existing, degenerative disc disease.

9. The conflict of interest that exists because LINA is both the decision-maker regarding disability benefits and the payor is only one factor the court uses to determine whether a decision to deny benefits was arbitrary and capricious. Evans v. Unumprovident, Inc., 434 F.3d 866, 876 (6th Cir. 2005).

10. A plaintiff is required to point to some evidence in the record to support a claim that the conflict of interest factor should be weighed in favor of the plaintiff. Id.

11. In this case, plaintiff Thiel points to no evidence to support his conflict of interest claim.

12. The court concludes that LINA's decision to deny benefits was reasonable based on the evidence in the record and was, therefore, neither arbitrary nor capricious.

13. Even if the court were to review Plaintiff's claim for denial of benefits *de novo*, the court's decision would remain unchanged in this case.

 

                                                    s/John Corbett O'Meara  
                                                  United States District Judge

Dated: February 13, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 13, 2007, by electronic or ordinary mail.

                                                    s/William Barkholz  
                                                  Case Manager